NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WALTER STEVE SCOTT, | No. 21-56089 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-06125-DSF-LAL |
| v. | |
| MARTIN BITER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 15, 2024
Pasadena, California

Before: BOGGS,** NGUYEN, and LEE, Circuit Judges.

Walter Scott appeals the denial of his habeas petition. We review a district court's denial of a habeas petition de novo. *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009). Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), we may reverse only if the last reasoned state court's decision was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

During jury deliberations in Scott's trial in 1991, the jury sent a note to the trial court asking whether they could still discuss the case and change the verdict form after the foreperson had signed it. There is no record of whether the court addressed the question at all, or whether Scott's counsel was consulted or present. Scott argues that automatic reversal is required under *U.S. v. Cronic*, which held that a structural error occurs when a defendant is denied counsel at a "critical stage." 466 U.S. 648, 658-59 (1984).

As we noted in *Musladin*, "the Supreme Court has not provided a definitive list of *Cronic* 'critical stages[,]'" and no case supports Scott's argument that a jury question about the verdict form constitutes a "critical stage." 555 F.3d at 839. Under AEDPA review, we conclude that the state court's decision not to apply *Cronic*'s automatic reversal rule here was not objectively unreasonable. We may therefore grant Scott's habeas petition only if the denial of counsel was prejudicial. *See Musladin*, 555 F.3d at 834 (stating that we must ask whether the denial of counsel had a "substantial and injurious effect or influence in determining the jury's verdict") (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

2

Scott argues that he was prejudiced, despite the trial court's individual polling of the jurors to confirm their verdicts, because the jury may have been confused about whether they were "locked" into the verdict once the foreperson signed the verdict form. We disagree. Both immediately before the jury retired to deliberate, and before the trial court read the verdict, the court instructed the jury that they would be polled on their individual verdicts and must state truthfully whether the verdict accurately expressed their vote. Specifically, before reading the verdict, the trial court told the jury to "listen carefully" to the verdicts, and "[i]f any count is not your individual verdict, please make a note of it. Because at the conclusion of reading all the verdicts, we will poll you and ask each of you if this is your verdict." The court then told the jury to alert the court "if any particular count is not your verdict *or does not reflect what your vote was in the jury room.*" (emphasis added). When the trial court individually polled the jury, each juror affirmed that the verdict against Scott accurately reflected his or her vote. No juror expressed any disagreement, signaled any confusion, or asked any questions. On this record, we find that the state court reasonably determined that Scott did not suffer any prejudice.

**AFFIRMED**.

3